E. S. ALTREE et al., Plaintiffs in Error, v. JAMES M. MOORE, Defendant in Error.

*Error to Clackamas.*

1. In a case of forcible entry and detainer, a verdict in the form, "We, the jury, find the defendant guilty of the unlawful detainer, in manner and form, as the plaintiff in his complaint hath alleged," will be supported by the allegation in the complaint, that "the defendant unlawfully holds by force."
2. In forcible entry and detainer, defendant cannot set up a title paramount in himself; the possession being the only matter properly in issue.

THIS was a case of forcible entry and detainer, appealed from a Justices' Court to the Circuit Court of Clackamas County, where it was tried, and judgment rendered for Moore, the plaintiff, in the court below; and that judgment is brought here by writ of error. The original complaint alleges that Moore, being possessed of a donation land claim, which he held under the act of Congress of the 27th of September, 1850, donating lands to settlers in Oregon, on which were certain improvements, to wit, a saw-mill and appurtenances, leased said mill to one Holland; that the defendant, Altree, by collusion with Holland, obtained possession of said mill, and took possession of the mill and dwelling-house; and Moore claims that the said lease to Holland thereby became forfeited.

Moore also alleges, that afterwards both defendants, Altree

and Aldrich, being in possession by means of the collusion, refused to deliver the possession to Moore, and retained such possession by force.

Defendants deny all collusion with Holland, and deny that the lease to Holland became forfeited as alleged, and deny that they unlawfully hold possession by force, and set up title in Altree, who claims a right of possession and title under a sheriff's deed, as conveying a title paramount.

*Johnson & Williams,* for plaintiffs in error.

*Kelly & Huelat,* for defendant in error.

Boise, J.   There are several questions arising under the pleadings, which tender somewhat to embarrass and confuse the case, which I do not think it necessary to consider.   It is admitted in the pleadings that Moore was in possession of the mill at the time of the execution of the lease to Holland ; for defendants claim in the answer that said lease was not forfeited by the entry of Altree under Holland, and that the same was still in force against Moore ; and, as I understand the pleadings, defendants claim to have taken legal and peaceable possession of said mill under said Holland, who had his only possession under said lease, and the mill and dwelling-house, and other appurtenances, were together on the claim, and together constituted the donation land claim of Moore. I think that the pleadings plainly indicate that Altree took possession under Holland, and, by consequence, could receive or legally claim no higher or greater estate than Holland had to bestow, and is not now at liberty, after having got possession from Holland, to set up a title paramount in himself ; for the possession which he had from Holland was a possession under a lease, by the terms of which Holland was bound, on the expiration of the term, to restore to Moore the possession.   Now, suppose the jury found that Altree entered peaceably under Holland ; that there was the collusion charged in the complaint, and that the lease became

forfeited ; and, also, that defendants, having no rights under the forfeited lease, were wrongfully holding over by force ; would their verdict support such conclusions ?   The verdict is as follows : " We, the jury, find the defendants guilty of the wrongful detainer, in manner and form, as the plaintiff in his complaint hath alleged." The complaint alleges, " that the said defendants unlawfully hold by force." But the words, *in manner and form*, refer to the allegation in the complaint of force, and I think the verdict is in proper form to be supported by the allegation referred to. In a case of forcible entry and detainer, a defendant cannot set up a title in himself, and rely on that as a defence ; he can only deny, and offer evidence to rebut the plaintiff's possession at the time of the alleged forcible entry ; or, he may deny that he unlawfully holds, and offer evidence to rebut the plaintiff's case. If he, defendant, have a title paramount, he must assert it in a different manner. (*See Taylor's Landlord and Tenant, section* 792.) There was objection made to the admission of the decision of the register and receiver, but I do not see how that could have influenced the finding of the jury ; for that decision was merely evidence of possession at the time of the lease to Holland, and that is admitted by the pleadings, and could not have affected the issue as to the unlawful holding by force ; and I think, therefore, that it is not important in this case to consider this and other questions not necessary to this decision.

Judgment is affirmed.